On Rehearing
Before BROWN, GASKINS, CARAWAY, PEATROSS, and MOORE, JJ.
BROWN, Chief Judge.
I,We granted plaintiffs/appellants’ application for rehearing. After considering additional briefing by the parties, we now vacate this court’s May 16, 2007, judgment and issue the following opinion.
In this court’s original opinion it was stated that “[T]he Sitters (buyers) correctly argued that the subsequent events are highly relevant to the decision to buy the house. The failure to disclose them, standing alone, may have been a breach of the duty to disclose latent defects of which the seller(s) had knowledge.” That opinion then found that the content of a verbal disclosure between realtors was sufficient.
This case came before the court as a result of the trial court’s ruling on a motion for summary judgment filed by defendants. Summary judgment is not proper when there are genuine issues of material fact.
In July 2000, the sellers, Michael and Jackie Warner, listed their home for sale, filled out a standard property condition statement indicating that the condition of the foundation was “unknown” and that the builder of the home would look at a crack in the exterior brick. Thereafter, Interstate Foundation Co. inspected the house at the builder’s request and found piers and wedges were needed to shore up the foundation. This work was done and the sellers’ realtor (Shirley Davis) claims to have told the buyers’ realtor (Mary Stokes) that the builder fixed the crack in the brick. On the face of it, such a disclosure would not have been adequate to *1265 reveal the severity of the foundation problem.
|2The alleged verbal disclosure between the real estate agents was that the “crack” was fixed, meaning the crack as stated in the July 2000 disclosure statement. According to the deposition of the sellers’ realtor, Shirley Davis, no particulars of what was done or what was left to be done were disclosed — -just that it (the crack) was fixed.
Thereafter, a report from the civil engineer, dated October 26, 2000, recommended additional work because the house was on fill material and had settled about one inch. Nine days before this report the buyers submitted a written offer, and two days after the report the sellers agreed to the offer. The original disclosure statement had not been amended to show that the house had sunk and the foundation had been shored up, nor was the new report from the engineer disclosed. On October 30, 2000, five days after the engineer’s report, the sale was closed. There is nothing in this record to show that the additional work was done or that the findings of the civil engineer that the house had again settled were disclosed to the buyers.
Eight months after the closing, Interstate Foundation came back out and found that the house had settled and was in the same condition as when Interstate first inspected the house for the builder in August of 2000.
Neither the trial court nor a reviewing court serves as a fact finder in summary judgment proceedings. If evidence of a material fact is controverted, summary judgment will not lie. On this record there are clearly material fact questions, and summary judgment was not appropriate. We now reverse the grant of summary judgment by the trial court in favor of defendants, Michael and Jackie Warner, Shirley Davis, and ERA World |sReaI Estate, and remand for further proceedings. Costs are to be paid by the above defendants.
REVERSED AND REMANDED.
MOORE, J., dissents with written reasons.